UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Johnny M.,

    Plaintiff,

    v.

Commissioner of Social Security,

    Defendant.

Case No. 2:22-cv-1670

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Johnny M. ("Plaintiff") applied for both Disability Insurance Benefits and Supplemental Security Income benefits but was denied initially and on reconsideration. Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"), who ultimately rendered a decision denying benefits. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff thereafter filed suit in this case. Compl., ECF No. 1.

### I.    PROCEDURAL HISTORY

In his Statement of Specific Errors, Plaintiff argues the ALJ found both severe and non-severe impairments at Step 2 of the sequential evaluation process but failed to determine whether the following conditions were either severe or non-severe: (1) right knee joint instability; (2) chronic kidney disease; (3) monoclonal gammopathy of unknown significance; and (4) chronic rib fractures (together, "additional conditions"). Stmt. Significant Errors 16, ECF No.

13. This error was not harmless, Plaintiff contends, because the ALJ further failed to account for the additional conditions in the Step 4 Residual Functional Capacity ("RFC") analysis or state the basis for a conclusion that they result in no work-related limitations. *Id.* at 16–18. Additionally, Plaintiff argues the ALJ erred by declining to admit relevant evidence. *Id.* at 19–20.

Magistrate Judge Jolson issued a Report and Recommendation ("R&R") recommending the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner's decision. R&R, ECF No. 17. Specifically, the R&R recommends finding that the ALJ's failure to determine whether the additional conditions were severe or non-severe, and the ALJ's subsequent failure to incorporate the limiting effects of those additional conditions in the RFC analysis (or state a basis for finding they had no limiting effects) was harmless error. R&R 9, ECF No. 17. It was harmless error, the R&R explains, because the ALJ implicitly accounted for Plaintiff's knee pain by including mobility limitations in the RFC. *Id.* Additionally, although the ALJ did not account for nor explain why Plaintiff's chronic kidney disease, monoclonal gammopathy of unknown significance, or chronic rib fractures would result in no limitations, the R&R concludes that mere diagnosis of a condition does not equate with limitations. *Id.* at 9–10. Because Plaintiff failed to cite any specific limitations those conditions caused that the ALJ should have considered, the R&R recommends finding the error harmless. Moreover, the R&R recommends finding the ALJ did not err in refusing to accept Plaintiff's untimely proffered evidence. *Id.* 11–12.

On objection, Plaintiff stresses that the ALJ's failure to determine whether the additional conditions were severe or non-severe, and the ALJ's subsequent failure to either incorporate limitations from those additional conditions into the RFC, or state a clear basis for failing to incorporate any such limitations, is not harmless. Moreover, Plaintiff objects that the ALJ should have accepted his untimely evidence because he could not have submitted it before it became available, which was after the deadline. *Id.* at 5.

## II.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court considers *de novo* those portions of the R&R that Plaintiff properly objected to.

## III.  ANALYSIS

### A. ALJ's Failure to Recognize the Additional Conditions as Medically Determinable Impairments and, therefore, Failure to Consider the Same During the RFC Analysis

Upon *de novo* review, the Court agrees that the ALJ made absolutely no mention of the additional conditions in her decision and, therefore, included no discussion of any limitations caused by the additional conditions as part of the RFC analysis. *See* ALJ Decision, ECF No. 8-2 at PAGEID ## 64–76. However, Plaintiff's framing of the issue is slightly off base.

Plaintiff's argument is that the ALJ failed to determine at Step 2 whether the additional conditions amounted to severe or non-severe impairments and, regardless of that determination, failed to account for the limitations caused by the additional conditions during the RFC analysis at Step 4. But the ALJ's failure

to even mention any of the additional conditions *at all* in her opinion begs the threshold question of whether the "additional conditions" were medically determinable impairments ("MDIs") in the first place. If not, the ALJ was not required to consider whether they were severe or non-severe at Step 2 and was not required to consider any limitations caused by the conditions during the RFC analysis. *See Rouse v. Comm'r of Soc. Sec.*, No. 2:16-cv-223, 2017 WL 163384, at *4 (S.D. Ohio Jan. 17, 2017) (a "claimed condition which is not 'medically determinable' need not be considered at all"); 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . , when we assess your residual functional capacity . . . ."). Her failure to do so, then, would not amount to any error (let alone reversible error). Indeed, Plaintiff's entire argument hinges on the additional conditions amounting to MDIs that the ALJ was required to consider both at Step 2 and Step 4.

In this case, however, the Court need not undertake a comprehensive review of the record to determine whether Plaintiff offered evidence sufficient to find the additional conditions amounted to MDIs.[1] This is because the Court

---

[1] An MDI "must result from anatomical, physiological, or psychological abnormalities that can be shown by acceptable clinical and laboratory diagnostic techniques. Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521. The Commissioner will not use an applicant's "statement of symptoms, a diagnosis, or a medical opinion to establish the existence of impairment(s)." *Id.*

agrees with the R&R that any failure by the ALJ to recognize the additional conditions as MDIs, and corresponding failure to determine their severity at Step 2 or limitations at Step 4, is harmless.

Nowhere in his Statement of Specific Errors or in his Objections does Plaintiff identify a single limitation that the additional conditions caused but that the ALJ failed to consider. Instead, he simply argues that "[i]t is reasonable to conclude that [Plaintiff] has/had limitations related to these impairments given their description in the record." Stmt. Specific Errors 18, ECF No. 13.

A mere diagnosis does not necessarily equate to a limitation. *Cf.*, *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis . . . of course, says nothing about the severity of the condition." (citation omitted)); *Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 713 (6th Cir. 2013) ("But not every diagnosable impairment is necessarily disabling." (citation omitted)); *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008) ("[A] diagnosis . . . does not automatically entitle [Plaintiff] to disability benefits . . . .").

Moreover, the Court has reviewed the portions of the record Plaintiff cites concerning the additional conditions, ECF No. 8-2 at PAGEID ## 98–99 (TR 73–74); ECF No. 8-9 at PAGEID ## 766–67 (TR 734–35); *id.* at PAGEID ## 800–02 (TR 768–70); *id.* at PAGEID ## 866–71 (TR 834–39); ECF No. 8-10 at PAGEID ## 883–86 (TR 850–53); *id.* at PAGEID ## 899–906 (TR 866–73); *id.* at PAGEID ## 942–43 (TR 909–10); *id.* at PAGEID ## 949–50 (TR 916–17); *id.* at PAGEID ## 982–83 (TR 949–50); *id.* at PAGEID # 990–92 (TR 957–59); *id.* at PAGEID ##

997–1000 (TR 964–67); *id.* at PAGEID ## 1018–19 (TR 985–86), and upon *de novo* review has not found any indication that the additional conditions caused any work-related limitations. Thus, Plaintiff has not shown that the ALJ's failure to consider the additional conditions as MDIs and, thus, to consider them during the RFC analysis, was reversible error. *Fresquez v. Comm'r of Soc. Sec.*, No. 1:18cv114, 2019 WL 1440344, at * 1 (S.D. Ohio March 31, 2019) (overruling a plaintiff's objection concerning the ALJ's failure to list a specific diagnosis as an MDI because the plaintiff "fail[ed] to identify any functional limitations attributable to her [diagnosis] that the ALJ failed to consider . . . ."); *Cotton v. Comm'r of Soc. Sec.*, No. 2:20-cv-5477, 2021 WL 5504551, at *6 (S.D. Ohio Nov. 24, 2021), *R&R adopted* at 2021 WL 5834441 (no reversible error in ALJ failing to find radiculopathy was an MDI because "Plaintiff does not point to, and it is not apparent from the record that there are any functional limitations attributable to his radiculopathy that the ALJ failed to consider." (citations omitted)); *Speakman v. Comm'r of Soc. Sec.*, No. 2:20-cv-5341, 2021 WL 5448031, at *5–6 (S.D. Ohio Nov. 22, 2021), *R&R adopted by* 2022 WL 124011 (no reversible error in ALJ failing to find certain conditions were MDIs because "Plaintiff does not point to, and it is not apparent from the record that there are any functional limitations attributable to [the conditions] that the ALJ failed to consider."); *cf. Rouse v. Comm'r of Soc. Sec.*, No. 2:16–cv–223, 2017 WL 1102684, at *3 (S.D. Ohio March 24, 2017) ("[Plaintiff] has failed to identify which impairments at issue have affected her functioning or limited her ability to work, nor is it apparent from the

record. [Plaintiff] has therefore failed to show harm or prejudice from the ALJ's conflation of non-severe impairments with non-medically-determinable impairments." (citation omitted)).

Because any error by the ALJ in failing to consider the additional conditions as MDIs or failing to consider the additional conditions during the RFC analysis was harmless, Plaintiff's first objection is **OVERRULED**.

## B. ALJ's Refusal to Accept Untimely Submitted Evidence

Upon *de novo* review, the Court finds no error in the ALJ's refusal to accept Plaintiff's untimely evidence.

The pertinent regulations state:

> Each party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence, as required in § 404.1512, no later than 5 business days before the date of the scheduled hearing. If you do not comply with this requirement, the administrative law judge may decline to consider or obtain the evidence, unless the circumstances described in paragraph (b) of this section apply.

20 C.F.R. § 404.935; 20 C.F.R. § 416.1435.

Notwithstanding this requirement, Plaintiff submitted a Functional Capacity Evaluation ("FCE") from Certified Nurse Practitioner Kammler ("CNP Kammler") on the day of the hearing. The FCE was sent to Plaintiff earlier that day. *See* FCE Facsimile Cover Sheet, ECF No. 8-2 at PAGEID # 104.

Plaintiff acknowledges that the ALJ had discretion to consider the evidence unless one of the circumstances in paragraph (b) of the respective regulations

applied. Stmt. Specific Errors 19, ECF No. 13; Obj. 5, ECF No. 18. He argues, however, that one of those circumstances applies. *Id.*

> Paragraph (b) provides:
>
> [i]f you have evidence required under § 404.1512 but you have missed the deadline described in paragraph (a) of this section, the administrative law judge will accept the evidence if he or she has not yet issued a decision and you did not inform us about or submit the evidence before the deadline because . . . [s]ome other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitted the evidence earlier.

20 C.F.R. § 404.935(b)(3); 20 C.F.R. § 416.1435(b).

Plaintiff argues that an "unusual, unexpected, or unavoidable circumstance beyond his control" prevented him from timely filing the FCE because the FCE was not even performed until three days before the hearing and was not sent to him until the day of the hearing. *See* FCE Eval., ECF No. 8-2 at PAGEID # 105; FCE Facsimile Cover Sheet, ECF No. 8-2 at PAGEID # 104. Due to the timing of both the evaluation itself and the submission of the report for the same, Plaintiff says it was impossible to submit the evidence before the required deadline. Stmt. Specific Errors 19, ECF No. 13; Obj. 5, ECF No. 18.

The regulations give examples of the types of "unusual, unexpected, or unavoidable" circumstances that warrant consideration of untimely evidence. Relevant here, one situation is when a claimant "actively and diligently sought evidence from a source and the evidence was not received or was received less

than 5 business days prior to the hearing." 20 C.F.R. § 404.935(b)(3); 20 C.F.R. § 416.1435(b).

Although Plaintiff has shown that the FCE evaluation was not available until the day of the hearing, he has failed to demonstrate that he actively and diligently sought the evidence. That is, in neither his Statement of Specific Errors nor in his Objections does Plaintiff explain when he originally requested the evaluation from CNP Kammler, and it is therefore impossible to determine whether it was even requested prior to the deadline. Moreover, although his counsel stated at the hearing that she had left "multiple voice messages" with CNP Kammler's office concerning the status of the requested evaluation, ALJ Hr'g Tr., ECF No. 8-2 at PAGEID # 86, she did not state when those calls were made or explain whether she had "actively and diligently" sought the evidence sufficiently before the five-day deadline. In any event, regardless of when the evaluation became available for *submission*, Plaintiff has offered zero explanation as to why he did not timely *inform* the ALJ about the outstanding request. See 20 C.F.R. § 404.935(b)(3); 20 C.F.R. § 416.1435(b) (both noting the claimant's ability to "inform" the ALJ about or "submit" evidence). In short, Plaintiff fails to demonstrate that his own actions did not cause the untimeliness, and the Court fully agrees with the R&R on this point. See R&R 12, ECF No. 17; *see also Winfield v. Comm'r of Soc. Sec.*, No. 1:18-cv-1635, 2019 WL 3619403, at *11 (N.D. Ohio July 16, 2019), *R&R adopted by* 2019 WL 3574889 (rejecting a similar diligence argument). This objection is **OVERRULED**.

## IV. CONCLUSION

For the above reasons, Plaintiff's Objections are **OVERRULED**. The R&R is **ADOPTED**, and the Commissioner's decision is **AFFIRMED**. The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**